UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: PHILLIPS, WAYNE R. | § | Case No. 09-72554 |
| PHILLIPS, DIANE M. | § | |
| | § | |
| Debtor(s) | § | |

### NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that STEPHEN G. BALSLEY_____, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
U.S. Courthouse
327 South Church Street
Room 1100
Rockford, IL 61101

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 09:30AM on 12/29/2014 in Courtroom 3100, United States Courthouse,
U.S. Courthouse
327 South Church Street
Courtroom 3100
Rockford, IL 61101.
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

**UST Form 101-7-NFR (10/1/2010)**

Date: 12/04/2014     By:    /s/ STEPHEN G. BALSLEY
                                                 Trustee, Bar No.: 1048412

STEPHEN G. BALSLEY
6833 STALTER DRIVE
ROCKFORD, IL  61108
(815) 962-6611
sbalsley@bslbv.com

**UST Form 101-7-NFR (10/1/2010)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: PHILLIPS, WAYNE R. | § | Case No. 09-72554 |
| PHILLIPS, DIANE M. | § | |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| *The Final Report shows receipts of* | $ 6,000.00 |
| *and approved disbursements of* | $ 3,131.86 |
| *leaving a balance on hand of* [1] | $ 2,868.14 |

**Balance on hand:** $ 2,868.14

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 2,868.14

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - STEPHEN G. BALSLEY | 1,350.00 | 0.00 | 804.07 |
| Attorney for Trustee, Fees - Barrick, Switzer, Long, Balsley & Van Evera | 3,268.50 | 0.00 | 1,946.73 |
| Attorney for Trustee, Expenses - Barrick, Switzer, Long, Balsley & Van Evera | 197.00 | 0.00 | 117.34 |

Total to be paid for chapter 7 administration expenses: $ 2,868.14
Remaining balance: $ 0.00

---

1 The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:   $     0.00
Remaining balance:   $     0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims:   $     0.00
Remaining balance:   $     0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 49,344.34 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:   *SEE ATTACHED EXPLANATION

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Chase Bank USA, N.A. | 23,385.00 | 0.00 | 0.00 |
| 2 | Chase Bank USA, N.A. | 8,946.78 | 0.00 | 0.00 |
| 3 | PYOD LLC its successors and assigns | 3,831.75 | 0.00 | 0.00 |
| 4 | PYOD LLC its successors and assigns | 1,781.99 | 0.00 | 0.00 |
| 5 | U.S. Bank N.A. | 3,044.10 | 0.00 | 0.00 |
| 6 | U.S. Bank N.A. | 80.23 | 0.00 | 0.00 |
| 7 | U.S. Bank N.A. | 3,806.48 | 0.00 | 0.00 |
| 8 | PYOD LLC its successors and assigns as assignee of | 4,468.01 | 0.00 | 0.00 |

UST Form 101-7-NFR (10/1/2010)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 49,344.34 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Chase Bank USA, N.A. | 23,385.00 | 0.00 | 0.00 |
| 2 | Chase Bank USA, N.A. | 8,946.78 | 0.00 | 0.00 |
| 3 | PYOD LLC its successors and assigns | 3,831.75 | 0.00 | 0.00 |
| 4 | PYOD LLC its successors and assigns | 1,781.99 | 0.00 | 0.00 |
| 5 | U.S. Bank N.A. | 3,044.10 | 0.00 | 0.00 |
| 6 | U.S. Bank N.A. | 80.23 | 0.00 | 0.00 |
| 7 | U.S. Bank N.A. | 3,806.48 | 0.00 | 0.00 |
| 8 | PYOD LLC its successors and assigns as assignee of | 4,468.01 | 0.00 | 0.00 |

UST Form 101-7-NFR (10/1/2010)

|  |  |
|---|---|
| Total to be paid for timely general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  |  |
|---|---|
| Total to be paid for tardy general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  |  |
|---|---|
| Total to be paid for subordinated claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

Prepared By: /s/STEPHEN G. BALSLEY
Trustee, Bar No.: 1048412

STEPHEN G. BALSLEY
6833 STALTER DRIVE
ROCKFORD, IL 61108
(815) 962-6611
sbalsley@bslbv.com

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-NFR (10/1/2010)

*In Wayne and Diane Phillips, 09-72554, the debtor scheduled vacant land in Arizona at $25,000. The Trustee was reasonably sure that at one time it did have such a value. The Trustee listed this for sale in 2009 for $25,000 on the advice of a realtor with the expectation it would sell for $20,000 to $22,500. The Trustee received no offers and kept reducing the price at the suggestion of the realtor. There were no offers until 2012 when someone offered $3,000. The Trustee rejected this offer. This year the property was listed for $8,900. The Trustee decided that if it was not sold, the Trustee should probably abandon it because taxes kept accruing and the prospect of sale seemed slim. Finally, the Trustee was able to sell it for $6,000 but the cost of sale and real estate taxes ate up most of the proceeds, and the Trustee netted about $2,900. The Trustee fees are $1,350 and the attorney fees are $2,900. Claims are over $49,000. If the Trustee had known this was going to be a five (5) year process with no distribution, the Trustee would have filed a no asset report in 2009.

Unfortunately, there are no funds available for distribution to creditors.

```
                           United States Bankruptcy Court
                           Northern District of Illinois
In re:                                                            Case No. 09-72554-TML
Wayne R. Phillips                                                 Chapter 7
Diane M. Phillips
        Debtors
                                    CERTIFICATE OF NOTICE
District/off: 0752-3          User: jclarke                Page 1 of 1        Date Rcvd: Dec 04, 2014
                              Form ID: pdf006              Total Noticed: 15


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 06, 2014.
db/jdb         +Wayne R. Phillips,   Diane M. Phillips,   5210 E. Rock Grove Rd.,   Rock City, IL 61070-9575
14072105       +AT&T Universal Card,    PO Box 6408,   The Lakes, NV 88901-6408
14072106        AT&T Universal Card,    PO Box 688920,   Des Moines, IA 50368
14072104        AT&T Universal Card,    PO Box 45165,   Jacksonville, FL 32232-5165
14072107        Chase,   Cardmember Service,   PO Box 15153,   Wilmington, DE 19886-5153
14424155        Chase Bank USA, N.A.,    PO Box 15145,   Wilmington, DE 19850-5145
14072109        Citi Cards,   PO Box 688913,   Des Moines, IA 50369-8913
14072108       +Citi Cards,   PO Box 688909,   Des Moines, IA 50368
14072110       +Northwest Bank of Rockford,    125 N Phelps Avenue,   Rockford, IL 61108-2466
14526559      ++US BANK,   PO BOX 5229,   CINCINNATI OH 45201-5229
                (address filed with court:    U.S. Bank N.A.,   Bankruptcy Dept,   P.O. Box 5229,
                Cincinnati, OH 45201)
14072114       +US Bank,   123 Main Street,   Rock City, IL 61070-9505

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14072103        E-mail/Text: allenl@associatedcollectors.com Dec 05 2014 01:23:14
                 Associated Collectors, Inc,   113 West Milwaukee Street,   PO Box 1039,
                 Janesville, WI 53547-1039
14442241       +E-mail/PDF: resurgentbknotifications@resurgent.com Dec 05 2014 01:27:32
                 PYOD LLC its successors and assigns,   c/o Resurgent Capital Services,   PO Box 19008,
                 Greenville, SC 29602-9008
14659256       +E-mail/PDF: resurgentbknotifications@resurgent.com Dec 05 2014 01:28:34
                 PYOD LLC its successors and assigns as assignee of,   Citibank,
                 c/o Resurgent Capital Services,   PO Box 19008,   Greenville, SC 29602-9008
14072111       +E-mail/Text: sue.wiegel@monroeclinic.org Dec 05 2014 01:23:03      The Monroe Clinic,
                 2009 5th St.,   Monroe, WI 53566-1575
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14072112*     ++US BANK,   PO BOX 5229,   CINCINNATI OH 45201-5229
                (address filed with court:    US Bank,   PO Box 790179,   Saint Louis, MO 63179-0179)
14072113*     ++US BANK,   PO BOX 5229,   CINCINNATI OH 45201-5229
                (address filed with court:    US Bank,   PO Box 790408,   Saint Louis, MO 63179-0408)
                                                                                 TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 06, 2014                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 4, 2014 at the address(es) listed below:
          Mark   Zaleski    on behalf of Joint Debtor Diane M. Phillips attyzaleski@comcast.net,
           tremmers.mez@comcast.net
          Mark   Zaleski    on behalf of Debtor Wayne R. Phillips attyzaleski@comcast.net,
           tremmers.mez@comcast.net
          Patrick S Layng    USTPRegion11.MD.ECF@usdoj.gov
          Stephen G Balsley    on behalf of Trustee Stephen G Balsley sbalsley@bslbv.com
          Stephen G Balsley    sbalsley@bslbv.com, IL47@ecfcbis.com
                                                                                            TOTAL: 5
```